### BERKMAN & MILLER v. BROWER & CHESKY.

(Supreme Court, Appellate Term. May 27, 1912.)

FRAUDS, STATUTE OF (§ 89*)—CONTRACTS FOR GOODS, WARES, AND MERCHANDISE—MEMORANDUM—ACCEPTANCE OF GOODS.

Where there was no written memorandum of a sale of goods, wares, and merchandise of greater value than $50, and nothing in earnest to bind the bargain was given, the seller's delivery of the goods did not take the case without the statute of frauds; the buyer refusing to accept.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent Dig. §§ 165–173; Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Berkman & Miller against Brower & Chesky. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Goldberg & Chasins, of New York City, for appellants.
Manuel Voit, of New York City, for respondents.

SEABURY, J. This action was brought to recover $171.60, with interest from January 20, 1912, for the sale and delivery of 25 pieces of "moreen," consisting of 2,366⅓ yards, at the agreed price of 7¼ cents per yard. The answer was a general denial, and, as a separate defense, alleged the statute of frauds. The learned court below ordered judgment in favor of the plaintiffs for the amount claimed. The evidence failed to establish that the plaintiffs delivered the requisite quantity of merchandise. The only evidence on this subject was that of the witness Berkman, and upon his cross-examination it was made evident that he had no knowledge of the number of yards that were actually delivered.

The defense based upon the statute of frauds was established by the proof. The undisputed evidence in the case established that the contract of sale was oral; that the goods sold were of a value greater

than fifty dollars; that nothing "in earnest to bind the contract" was given; that no payment was made on account; and that no note or memorandum in writing of the contract was made by the defendants, or their agent.   While it is true that the goods were delivered to and received by the defendants, this fact alone is insufficient to take this case out of the statute, because the defendants did not accept the goods, and so notified the plaintiffs immediately upon receiving them.   The statute could not be satisfied merely by the act of the vendor.   It required some act on the part of the vendee manifesting an intention to accept the goods as a performance of the contract.   In Caulkins v. Hellman, 47 N. Y. 449, 452 (7 Am. Rep. 461), the court said:

"If the contract is oral, and no part of the price is paid by the vendee, there must be, not only a delivery of the goods by the vendor, but a receipt and acceptance of them by the vendee to pass the title, or make the vendee liable for the price; and this acceptance must be voluntary and unconditional. Even the receipt of the goods without an acceptance is insufficient. Some act or conduct on the part of the vendee * * * manifesting an intention to accept the goods as a performance of the contract, and to appropriate them, is required to supply the place of a written contract."

We have examined the bill or statement of account and the letter of the defendants, and are of the opinion that they fail to bring the case within the principle enunciated in Turner Co. v. Robinson, 55 Misc. Rep. 280, 105 N. Y. Supp. 98.   There is nothing in the letter which refers to the bill or statement, and neither the letter nor statement standing alone meets the requirements of the statute.   The letter established that the defendants had bought goods from the plaintiffs, and that these goods were not delivered within the time specified, and therefore the defendants refused to accept them.   It is true that the defendants' letter contains a counter offer to purchase the goods at a reduced price, but this offer was not accepted, and the plaintiffs do not claim that this offer ever ripened into a contract.

The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.